# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### October 25, 2006 Session

## MARC ESKIN, ET AL. v. ALICE B. BARTEE, ET AL.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006445-03     The Honorable Karen R. Williams, Judge**

---

**No. W2006-01336-COA-R3-CV - Filed December 27, 2006**

---

HOLLY KIRBY, JUDGE, CONCURRING:

I agree with the result reached by the majority and the substance of the majority's reasoning. I write separately only to note that I disagree with a portion of the majority's reading of *Ramsey v. Beavers*, 931 S.W.2d 527 (Tenn. 1996), and in particular its reliance on *Thing v. La Chusa*, 771 P.2d 814 (Cal. 1989).

*Thing v. La Chusa* involved facts somewhat similar to the facts in the instant case. In *Thing*, a child was struck by an automobile and seriously injured. *Thing*, 771 P.2d at 815. The mother was nearby but was not present at the accident. *Id.* When she was told that her child was injured, the mother rushed to the scene and saw her "bloody and unconscious" child lying on the roadway. *Id.* The mother sued the driver of the automobile for negligent infliction of emotional distress. *Id.*

The *Thing* court discussed at length the appropriate limits for the tort of negligence infliction of emotional distress. *Id.* at 816-30. It ultimately decided to adopt a "bright-line" rule that a plaintiff could not recover for negligent infliction of emotional distress unless the plaintiff was present at the injury-producing event at the time it occurred and was aware at that time that it was causing injury to the victim. *Id.* at 829-30. In explaining its reasoning, the *Thing* court noted that while any limits on the tort of negligent infliction of emotional distress would be arbitrary and might leave out deserving plaintiffs, the rule that it adopted would establish reasonable parameters to allow recovery by the plaintiffs most likely to suffer genuine traumatic emotional injury. *See id.* at 827-28. It stated:

> The impact of personally observing the injury-producing event in most, although concededly not all, cases distinguishes the plaintiff's resultant emotional distress from the emotion felt when one learns of the injury or death of a loved one from another, or observes pain and suffering but not the traumatic cause of the injury.

*Id.* at 828. Thus, the ***Thing*** court felt that, while the standard it was adopting was not perfect, it was nevertheless a reasonable standard. ***See id.*** It then denied recovery to the plaintiff because she was not present at the accident. *Id.* at 830. Since then, the ***Thing*** decision has been recognized as representing the line of cases favoring a "bright-line" rule in negligent infliction of emotional distress cases. ***See, e.g., Clohessy v. Bachelor***, 675 A.2d 852, 858-59 (Conn. 1996); ***Contreras v. Carbon County Sch. Dist. No. 1***, 843 P.2d 589, 593 (Wyo. 1992).

As noted by the majority, the Tennessee Supreme Court in ***Ramsey v. Beavers***, 931 S.W.2d 527, 531 (Tenn. 1996), cites ***Thing*** and quotes the above language. The majority, after stating that there is little difference in the emotional injury suffered by a family member who witnesses the injury and one who arrives on the scene immediately thereafter, states:

> [T]he ***Ramsey*** Court's quotation from ***Thing v. La Chusa*** . . . indicates that the Court was not establishing a bright line rule that there must be actual observance of the injury producing accident. It appears the Court recognized that there may be circumstances where sensory observance of the injury-producing event is not an absolute essential element.

I must disagree with the majority's characterization of what is indicated by the ***Ramsey*** Court's reliance on ***Thing***. Prior to inserting the above quotation from ***Thing***, the ***Ramsey*** Court notes that the "plaintiff's physical location at the time of the event or accident and awareness of the accident are essential factors" and that it is "more foreseeable that one witnessing or having sensory observation of the event will suffer effects from it." ***Ramsey***, 931 S.W.2d at 531 (footnote omitted). Immediately thereafter, the Court inserts the quotation from ***Thing*** and then concludes that a "plaintiff must establish sufficient proximity to the injury-producing event to allow sensory observation by plaintiff." *Id.* Certainly the ***Ramsey*** Court was aware of the holding in ***Thing*** and that the case was perceived as standing for the adoption of a bright-line rule. I simply read ***Ramsey*** as not going beyond the issue presented in that case, that is, whether to allow recovery for a plaintiff who was present at the scene but not in the zone of danger, and not indicating one way or another whether recovery might, under some circumstances, be allowed for one not present at the scene of the injury-producing event. ***But see McCracken v. City of Millington***, No. 02A01-9707-CV-00165, 1999 WL 142391, at *11 (Tenn. Ct. App. Mar.17, 1999).

I agree, therefore, with the majority's holding, and in particular its reliance on the reasoning in ***Hegel v. McMahon***, 960 P.2d 424 (Wash. 1998). I write separately only to emphasize my belief that our holding today is a reasonable extension of the ***Ramsey*** holding.

_____
HOLLY M. KIRBY, JUDGE